Aron Wayne Flanagan
   *Plaintiff*

 *v.*

William "Billy" White. a man
Greg Dodson, a man
CITY OF CENTRALIA. a corporation

  *Defendants*

*Including but not limited to these named*
*Persons and corporations others to be*
*Named later. Plaintiff reserves the right to add*
*Additional defendants as the case progresses.*
*Defendants*

CASE #   3:20-cv-1318-SPM

VERIFIED
CLAIM AND ACTION OF
TRESPASS FOR ASSUALT ON
RIGHTS UNDER THE COLOUR
OF AUTHORITY BY ACTS
EXCESS OF CONSTITUTIONAL
LIMITATION

**DEMAND FOR JURY TRIAL**

## ACTION OF TRESPASS:
## DECLARATION:
## VENUE

1.   Venue is proper in the SOUTHERN DISTRICT OF ILLINOIS. The Defendant, the CITY

  OF CENTRALIA and the affiliated quasi-governments are located geographically within

  the state of Illinois. A substantial part of the events or omissions giving rise to Plaintiffs'

  claims occurred in Centralia. Illinois. 28 U.S.C. §1391(a)(2). Defendants transacted their

affairs in Centralia Illinois. 18 U.S.C. §1965(a). Centralia is located within the territory known as Illinois.

2. This is an action for deprivation of rights, conspiracy to deprive rights, by those operating under the colour of authority arising under but not limited to 42 U.S.C. § 1983, 28 U.S.C. §§ 2201–02, and the Amendments I, IV & V to the Constitution for the United States of America. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331: We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the constitution. *Cohens v. Virginia*, 19 U.S. 264, 6 Wheat. 265, 5 L.Ed. 257 (1821).

3. The Warrant that is the Preamble to the Constitution for the United States of America guarantees the limitations of Article I of the said Constitution where Plaintiff has the inalienable and unalienable right to redress by those claiming to be or claiming to act under governmental authority. Defendants' Sovereign immunity does not bar this action at law as Defendants vacated Defendants respective offices by acts in excess of law and constitution at the time of occurrence and willfully/contractually forfeited any and all immunities. It is a fundamental principle of law that nobody is above the law. The government immunity clause only applies to government actors when they are performing their actions of their office defined by their office in good faith within the limitations of law and constitution and that the UNITED STATES SUPREME COURT has made a ruling regarding public officials being held liable for actions done or failure to perform required actions, in the case of *MILLBROOK v. UNITED STATES* (477 Fed. Appx. 4). See also: *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); *Murdock v. Penn.*, 319 US 105; *Owen v. City of Independence*, 100 S Ct. 1398; *Maine v. Thiboutot*, 100 S. Ct. 2502; and *Hafer v. Melo*, 502 U.S. 21.

**Commencement, for all actions:**

COMES NOW Aron Wayne Flanagan, who is at all times mentioned in the following declarations and actions at law, one of the People of Illinois, an American, having come of full age, having been found to be living, competent to give the testimony stated herein, (hereinafter "Plaintiff") and in this court of record, (hereinafter, "Superior Court") comes upon an action of trespass against William White, a man, Greg Dobson, a man, CITY OF CENTRALIA, a corporation and others to be named later (hereinafter "Defendant(s)") based off of acts done by Defendants upon Plaintiff within their roles with the quasi-governmental corporation: and calls upon them to answer Plaintiff in these said actions in the Superior Court to wit:

**Statement of cause for the action of trespass:**

4.  This is an *intra vivos* at law action and claim of trespass in a court of record to redress the deprivation of a custom or usage, unalienable right, privilege and immunity secured to Plaintiff by the First, Fourth, Sixth, Seventh, Ninth, and Tenth articles of the bill of rights, as Amendments to the Constitution for the United States of America, known as said constitution's bill of rights, the expatriation act, and all other rights and immunities that a people of the several united republics of America possess under the common law: all of which the Plaintiff is and was protected by, at all times mentioned, in all causes of action stated herein, and furthermore the jurisdiction of this court is invoked upon the same. Plaintiff seeks an order, judgment and execution from the Superior Court of record, finding and declaring, that the Defendants who were acting under the colour of authority, in excess of constitution, as employees of the quasi-government corporation have acted in excess of Plaintiffs' substantive rights.

## <u>INTRODUCTION</u>

5. This is a matter brought forth pursuant to Defendants deprivation of rights and conspiracy to deprive rights under the colour of authority where Plaintiff was arrested as a retaliation for Plaintiff asserting rights protected under Amendments IV and V to the constitution for the United States of America where Defendants have altered public record, committed fraud and acted in manners not consistent with the expectations of the People and in excess of law and constitution:

6. The primary cause of this action is deprivation of rights while under the colour of authority and conspiracy to deprive rights 18 U.S.C §§ 241 & 242 and 42 U.S.C. §§ 1983, 1985, 1986.

7. The predicate acts alleged here cluster around I, IV and V amendment prohibited acts, suppression and retaliation against first amendment protected rights, wherein Plaintiff was unlawfully seized, restrained of liberty, searched, kidnapped and detained by one sworn to uphold the limitations of constitution while adorning the badge of a branch of the municipal quasi-governmental entity. Defendants acted in excess of Procedure, law and Plaintiffs substantive rights to liberty and freedom of movement while under the colour of authority but with no true authority.

8. Defendants then manipulated public record evidence to "cover-up" the unlawful acts in excess of law and thereby Amendment V of the constitution for the United States of America by suppressing evidence and molesting a public record.

## PARTIES

9. Aron Wayne Flanagan is one of the people of Illinois as recognized in the warrant that is the preamble to the Constitution for the United States of America, an American, having come of full age, having been found to be living.

10. Defendants are in collusion by being involved together in the corporation governments in the STATE OF ILLINOIS and funded by quasi-governmental entities. Defendants are persons/citizens and/or corporations, commercial in nature, operating under quasi, or mirrored, government authority but in excess of law and constitution. (*Wilson v. Omaha Indian Tribe* 442 US 653, 667 (1979)).

William White, a man, is a public servant officer of the commercial State corporation CITY OF CENTRALIA POLICE DEPARTMENT, a for profit privately held corporation operating under the guise of a governmental organization.

Greg Dodson, a man, is a public servant officer of the commercial State corporation.
CITY OF CENTRALIA POLICE DEPARTMENT, a for profit privately held corporation operating under the guise of a governmental organization.

CITY OF CENTRALIA is a for profit, privately held corporation operating in the guise of of a governmental organization, a legal person.
*Including but not limited to named defendants; Plaintiff reserves the right to add additional defendants as the case progresses.*

## FACTS OF THE CASE

11. Plaintiff now states the following facts regarding the events of March 7 in the year Two Thousand and Twenty and after, and declares the same in these causes of action to the best of his knowledge and recollection to wit:

12. At all times mentioned herein Plaintiff was and is one of the people of Illinois, and an American.

13. At all times mentioned herein Plaintiff is and was domiciled on private land, County of Placer, republic of Illinois.

14. At all times mentioned herein Plaintiff has been found to be living and has come of full age.

15. At all times mentioned herein Plaintiff was and is a free man.

16. On March 7, 2020, Plaintiff came upon a scene with a man lying in the public roadway;

17. Plaintiff's daughter, who was transporting Plaintiff in her personal conveyance vehicle, called the police to assist the man lying in the public roadway.

18. Plaintiff was operating as a Good Samaritan and under such protection, bringing aid and assistance to a human in need.

19. Upon arrival Defendant White demanded Plaintiff produce Identification.

20. Plaintiff, having not been about to commit a crime, in the commission of a crime, or having had committed a crime asserted Plaintiff's right to be securer in Plaintiffs person, property and papers.

21. Defendant White became visibly angered, raising his voice and using derogatory language, seized Plaintiff within the meaning of the Fourth Amendment; one is "seized" within the meaning of the fourth amendment "by means of physical force or show of authority, his freedom of movement is restrained." (*United States v. Mendenhall*, 446 U.S. 544, 553 (1980)).

22. Defendant White commenced a search of Plaintiff's person and identified Plaintiff against the will and wish of Plaintiff.

23. Defendant White then shackled Plaintiff, then restrained Plaintiff of liberty by placing Plaintiff in the back of a squad car against the will and wish of Plaintiff.

24. Plaintiff requested Defendant White produce name and badge number pursuant to public servant policy as Plaintiff intended to file a complaint as required by process for Defendant Whites' trespass on Plaintiffs substantive rights and liberty.

25. Defendant White Stated something to the effect of "if you want to file a complaint, I will charge you, so you have something to complain about." Defendant White went on to threaten "if you want to see an asshole, I'll send you to the county jail."

26. Defendant White carried Plaintiff away against Plaintiffs will.

27. Defendant white made no attempt to bring Plaintiff before a magistrate or judge when Defendant had full opportunity to do so.

28. Defendant White made no attempt to take Plaintiff to the nearest most accessible judge or magistrate as required by law and Illinois code of procedure, but instead punished Plaintiff by taking Plaintiff to the Police Station and holding Plaintiff shackled against Plaintiffs will.

29. Plaintiff was deprived of liberty for about two hours total.

30. No crime could be levied against Plaintiff as no crime was committed and Plaintiff was then released.

31. Defendant White issued a report verifying that the sole reason for arrest was Plaintiff's assertion of Amendment IV protections to be secure in person and papers. (see Attachment "A")

32. No other officers attempted to defend Plaintiffs substantive rights against Defendant White.

33. On March 13, 2020 Chief of Police, Greg Dodson (Hereinafter "Defendant Dodson"), admitted Defendant White to be at fault and placed minimal sanctions against Defendant White of one week of suspension and removal from the FTO program as well as anger management training.

34. Within the reprimand letter Defendant Dodson made the false claim that the initial detention was "justified" despite the detention being in excess of constitutional limitations.

35. Plaintiff made a Freedom of Information Act request to Defendant Dodson for the body camera footage from the event in question.

36. Upon review of the footage it was found and is provable that the public record evidence had been tampered with, edited to suppress critical facts from the record.

## Claim One
### Acts in excess of amendment I: Retaliation for assertion of Amendment I, Suppression of rights under the colour of authority
### Conclusion with law

37. Plaintiff re-alleges Paragraphs 10 through 37 as if stated fully herein;

38. Plaintiff has the inalienable and unalienable right to free speech and redress as protected by Amendment I to the constitution for the United States of America. Defendant White, upon Plaintiff's free speech assertion of the right to redress, retaliated by use of force and false imprisonment. The video evidence in this matter reveals that Defendant White stated something to the effect of 'if you want to file a complaint, I will charge you, so you have something to complain about.' Defendant White went on to threaten "if you want to see an asshole, I'll send you to the county jail." Retaliation for a first Amendment protected right is absolutely prohibited by law and constitution. As a general matter, courts have held that the First Amendment prohibits government employees from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out. *Crawford-El* v. *Britton*, 523 U. S. 574, 592. There are, of course, exceptions to the prohibition against punishing speech. Statutes that outlaw speech that's likely to incite violence constitute an example which Defendant attempted to utilize, however there were no other people around to incite into violence. Defendants are prohibited from utilizing code of this ilk simply to

punish Plaintiff for mouthing off. (*Hartman v. Moore*, 547 U.S. 250 (2006). *City of Houston v. Hill*, 482 U.S. 451 (1987)). As the U.S. Supreme Court wrote in *City of Houston v. Hill* "The First Amendment protects a significant amount of verbal criticism and challenge directed at police officers." It added that "we have repeatedly invalidated laws that provide the police with unfettered discretion to arrest individuals for words or conduct that annoy or offend them." "Although the preservation of liberty depends in part upon the maintenance of social order, the First Amendment requires that officers and municipalities respond with restraint in the face of verbal challenges to police action, since a certain amount of expressive disorder is inevitable in a society committed to individual freedom, and must be protected if that freedom would survive." Plaintiffs assertion of first amendment protected activity cannot be converted into a crime *Miller v. U.S.* 230 F 2d 486, 489; "There can be no sanction or penalty imposed upon one because of this exercise of constitutional Rights." *Snerer v Cullen*, 481 F. 946. "Where rights secured by the Constitution are involved, there can be no rule-making or legislation which would abrogate them." *Miranda v. Arizona* 384 U.S. 436, 491. "The assertion of federal Rights, when plainly and reasonably made, is not to be defeated under the name of local practice." *Sherar v. Cullen*, 481 F. 945. "The first amendment prohibits government from "subjecting an individual to retaliatory actions for engaging in protected speech," *Nieves v Bartlett* 139 S. Ct 1717, 1722 (2019). *Any* form of penalty for protected speech "is forbidden." see *Surita v Hyde*, 665, F.3d 860, 871 (7th Cir. 2011). The principle applies equally to law enforcement. Officers may not cite, arrest, jail or threaten individuals for engaging in protected speech, see e.g., *Nieves*, 139 S. Ct at 1722 and *Steffel v Thompson*, 415 U.S. 452 (1974)(setting the record that the mere threat of arrest is sufficient for a first amendment claim); *Fairley v Andrews*, 578 F.3d 518, 525 (7th Cir. 2009). The record reveals that the

defendant created controversy where none existed in a retaliatory action to Plaintiffs asser-

tion of first amendment protected speech and the absolute right to redress. At no time was

Plaintiff belligerent or attempting to incite violence. Defendant White, not content with

the limitations of law and constitution, was angered and blatantly retaliated against Plain-

tiff for assertion of the free speech right to redress. The first amendment is not limited

based upon Defendants feelings.

## Claim Two
## Acts in excess of amendment IV, False Imprisonment
## Conclusion with law

39. Plaintiff re-alleges Paragraphs 10 through 37 as if stated fully herein;

40. Defendant White seized and restrained Plaintiff of freedom of movement with no predicate

act or crime to allow for such seizure based solely, as verified by Defendant White himself,

upon Plaintiffs will to be secure in Plaintiffs' person and papers. Plaintiff was seized within

the meaning of the Fourth Amendment; one is "seized" within the meaning of the fourth

amendment "by means of physical force or show of authority, his freedom of movement is

restrained." (*United States v. Mendenhall*,446 U,S 544, 553 (1980)). Plaintiff has the inal-

ienable and unalienable right to be secure in her person and property. The record reveals De-

fendant White entered upon a scene where Plaintiff was acting in the role of Good Samari-

tan and demanded Plaintiff produce papers in excess of limitations of Amendment IV to the

Constitution for the United States of America. Upon Plaintiff's lawful declination, Defend-

ant White, visibly angered and acting belligerent, unlawfully attempted to convert Plaintiffs

assertion of right into a crime. Defendant White failed to articulate a crime or commercial

code violation to allow any authority to detain Plaintiff, shackled Plaintiff depriving Plain-

tiff of freedom of movement. This court will take mandatory judicial notice of Amendment

IV to the Constitution for the United States of America "The right of the people to be secure

in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." *United States v. Cortez*, 449 U.S. 411 (1981), utilizing *Terry v. Ohio*, 392 U. S. 1, 392 U. S. 29 set forth the authority of an officer to stop and touch a suspect, but both make clear that the "crime" must be <u>articulated</u> before "going hands on" lest said action be an assault. *Terry* goes to the extent of requiring said officer to be able to point with specificity to where said officer believes there to be a weapon. *McNally v. United States*, 483 U.S. 350 (1987) makes unequivocally clear that that the Public Servant is fiduciary to the public and concealing information is a fraud. Defendant White had a lawful duty to articulate to Plaintiff, one of the People of Illinois, the cause and nature of the detention. Given that no law had been broken as Plaintiff is not required to produce papers based on "no crime" and in failing to articulate any reason for the detention, pursuant to the doctrine of trespass *ab initio*, Defendant All Defendants were at all times operating in excess of law and authority; therefore the force used upon plaintiff was assault for Plaintiff has the unalienable and inalienable right to be secure in his person and property and the prohibition by Defendant White of Plaintiff's freedom of movement constitutes false imprisonment. No criminal action had been committed to allow for lawful detention *Florida v. Bostick*, 501 U.S. 429, 437 (1991). Plaintiff was arrested solely on refusing to identify signifying that there was no predicate act for said arrest rendering said arrest unlawful. Plaintiff was arrested in excess of fourth amendment limitation set upon Defendants by the People for merely existing. Defendant White acted in excess of fourth amendment limitations in restricting the free movement of Plaintiff by use of force and threat *de armus* with no statutory or lawful authority for such act.

41. On May 20, 2020, the Defendant, without warrant or due process, unlawfully arrested Plaintiff and acting contrary to law, did falsely imprison Plaintiff, depriving Plaintiff of Liberty.

42. As a result of the Defendants false imprisonment, Plaintiff suffered irreparable harm as Plaintiffs right to liberty was violated, Plaintiff, who has a brain tumor, suffered mental anguish, a loss of time and a discredit to Plaintiffs reputation.

### Claim Three

### Acts in Excess of Amendment IV, Kidnapping,
### Conclusion with law

43. Plaintiff re-alleges Paragraphs 10 through 37 as if stated fully herein;

44. The record reveals that Defendant White, in excess of statute and constitution while under the colour of authority, shackled Plaintiff and carried Plaintiff away against the will and the wish of Plaintiff which is aggravated kidnapping pursuant to §720 ILCS 5/10-2.

### Claim Four

### Acts in excess of amendments IV & V, False Imprisonment; Presumption of guilt
### Conclusion with Law

45. Plaintiff re-alleges Paragraphs 10 through 37 as if stated fully herein;

46. The record reveals the Defendant, upon unlawful arrest, brought Plaintiff to the county jail for the purpose of booking and made no attempt to bring Plaintiff before a magistrate or judge as required by due process where Defendant exacted punishment by holding Plaintiff against Plaintiffs will for about six hours.

47. The acts of Defendant in exacting punishment after the unlawful arrest and failing to take Plaintiff before a magistrate or judge to so decide, constitutes false imprisonment under statute and the law of the land.

48. Plaintiff has the inalienable and unalienable right to due process of law. Plaintiff is at all times presumed innocent and Plaintiff cannot be punished in excess of due process of law. The record reveals that Defendant White acting from a position with the State Corporation acted in excess of limitations of the fifth amendment to the Constitution in Defendants presumption that Plaintiff was guilty, though Defendant White could not and did not articulate a crime to create any presumption of guilt. The Supreme Court in *Nelson v. Colorado* 581 U.S. (2017) upheld *Coffin v. United States* 156 U.S. 432, 453 (1895) that "Axiomatic and elementary that the presumption of innocence lies at the foundation of our criminal law" and thusly applied said standard to all actors of the inferior commercial courts, which undoubtedly includes law enforcement officers who are officers of the court and State actors. Defendant White acted in excess of the fundamental principles of due process. The record reveals that Defendant White, upon the realization that there was no crime to allow for jurisdiction over Plaintiff, acted criminally in false imprisonment and unlawful detainment and thereby created controversy where there was none by converting Plaintiff's assertion of right protected under Amendment 1 and IV into a crime (*Miller v. U.S.* 230 F 2d 486, 489 see also *Snerer vs. Cullen*, 481 F. 946). Defendant White created controversy where none existed in excess of law and constitution. Axiomatic that there must be a predicate act for the arrest to be lawful, "failure to identify" cannot stand alone as a "crime" as it is secondary to a criminal act to allow for arrest. Plaintiff at no time had any obligation to comply with Defendant White as Defendant white could not and did not articulate a crime to allow for jurisdiction and authority over Plaintiff.

49. Further, Defendants took it upon themselves to punish Plaintiff in excess of due process. The record reveals that Defendants Punished Plaintiff by shackling and moving Plaintiff

against Plaintiffs will and did not take Plaintiff to the nearest most accessible judge or magistrate as required by § 725 ILCS 5/109-9 pursuant to *Gerstein v. Pugh* 420 U.S. 103 (1975), but instead exacted punishment by restraining Plaintiff of liberty in squad cars and at the jail facility for about two hours. The court is invited to take judicial notice of the following two cases regarding due process after arrest, NOTICE; "In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee. A detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." See *Ingraham v. Wright*, 430 U.S. 651, 671-672 n. 40, 674 (1977); *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 165-167, 186 (1963); *Wong Wing v. United States*, 163 U.S. 228, 237 (1896). And NOTICE; "Moreover, if Heath's arrest had been authorized by the statutes, his subsequent detention as pleaded proved would make a case of false imprisonment against Boyd. The undisputed facts are that after his arrest Heath rode with the sheriff to the former's car, which he then entered and drove several miles to the courthouse, followed by Boyd. There he was detained in Boyd's office from one to three hours, while Boyd was seeking advice by telephone as to what to do, in the face of a plain statutory command as to what must be done in all cases of arrest without warrant. Art. 217, C.C.P., 1925, provides, "In each case enumerated in this chapter, the person making the arrest shall immediately take the person arrested * * before the nearest magistrate where the arrest was made without an order." Substantially the same requirement appears in Art. 325, C.C.P., 1925, and Art. 487, P.C., 1925. Presumably, there was a magistrate in Mertzon, the county seat. Yet Boyd offers no reason why he did not take Heath before that official. Neither in his pleadings nor in his testimony does he suggest that a magistrate was not reasonably available, although the arrest

and detention all occurred between 8 o'clock in the morning and noon. If he had taken Heath to that official, he could have gotten the information and assistance he was seeking by telephone. He was under no obligation to seek advice or aid from Johnson. He was under a positive duty immediately to seek a magistrate. That such failure, unexcused, makes a case of false imprisonment, as a matter of law, is held by all the authorities. *Newby v. Gunn et al*, 74 Texas, 455, 12 S.W. 67; *McBeath v. Campbell*, 12 S.W. (2d) 118; Alamo Downs, Inc., et [***14] *al v. Briggs* (Civ. App.), 106 S.W. (2d) 733 (er. dism.); *Box v. Fluitt* (Civ. App.), 47 S.W. (2d) 1107; *Maddox v. Hudgeons* (Civ. App.), 72 S.W. 414 (er. ref.); [**218] *Karner et al v. Stump* (Civ. App.), 34 S.W. 656; Petty v. Morgan et al (Civ. App.), 116 S.W. 141; *Bishop v. Lucy et al* (Civ. App.) 50 S.W. 1029; 35 C.J.S., p. 546, sec. 31." *Heath v Boyd*, 141 Tex. 569; 175 S.W.2d 214; 1943 Tex. LEXIS 370. By these holdings, it is unambiguous that Defendants lack all authority to punish Plaintiff in excess of due process and Defendants refused to abide the State code and exacted punishment upon Plaintiff in excess of due process. The court may review *Trezevant v. City of Tampa*, 746 F.2d 815 (11th Cir. 1984) as controlling that Municipalities are held liable for the actions of its agents wherein the court found that an amount in the equivalent of $65,000.00 per hour of unlawful detention is appropriate.

## Claim Five
## Acts in excess of amendment IV, Assault and Battery
## Conclusion with law

50. Plaintiff re-alleges Paragraphs 10 through 37 as if stated fully herein;

51. Due to the unlawful acts of Defendant White, Plaintiff suffered a series of assaults and batteries upon Plaintiffs person, including arrest, shackling, imprisonment, and physically searched § 720 ILCS 12-3.

## Claim Five: Fraud

52. Plaintiff re-alleges Paragraphs 10 through 37 as if stated fully herein;

53. *McNally v. United States*, 483 U.S. 350 (1987) makes unequivocally clear that that the Public Servant is fiduciary to the public and concealing information is a fraud. Upon Defendants refusal to articulate any cause for detainment, Defendants withheld information from Plaintiff to which Defendants were lawfully required to articulate; thereby Defendants are guilty of fraud.

## Claim Six: Fraud;

## Molestation of public record, suppression and tampering of evidence

54. Plaintiff re-alleges Paragraphs 10 through 37 as if stated fully herein;

55. The facts reveal and are provable that the body camera video submitted to Plaintiff under the Freedom of Information Act request had been edited/falsified to suppress true facts in evidence. Molestation of a public record is a felony pursuant to 18-USC-2071. This egregious criminal offence was an act in excess of constitutional limitations pursuant to *Brady v. Maryland* 373 U.S. 83 (1963). In the molestation of a public record specifically designed to maintain transparency of police actions, the Defendants committed an egregious act of fraud.

## Claim Seven
## Retaliation: Misuse of public office

56. Plaintiff re-alleges Paragraphs 10 through 37 as if stated fully herein;

57. The record reveals that Defendant White made verbal recognition of retaliation against Plaintiff for Plaintiffs assertion that Plaintiff intended to file a complaint. Defendant White arrested, detained and kidnapped Plaintiff with no crime committed as retaliation for the assertion that Plaintiff wished to file a complaint. The actions by Defendant White are an egregious abuse of position and authority. No law can be proffered for such force against one of

the People who wish to file grievance. This intimidation tactic, this harassment shall not be tolerated. The Defendants sought to downplay the seriousness of this matter as routine.

**Conclusion:**

58. The record reveals that defendants, while under the colour of authority, used their positions with the State, commercial in nature, where they engaged in fraud as well as acts in excess of the limitations of constitution, law and Plaintiffs substantive and natural rights involving trespass and conspiracy to deprive rights and deprivation of rights. Pursuant to the pattern of practice demonstrated by the facts introduced into evidence wherein the defendants and their respective agencies consistently acted in excess of law, statute and due process, Defendants are in excess of jurisdiction and any immunity. Plaintiff has suffered actual damage by those operating under the colour of authority. The record reveals that at all times Defendants were in propriety and not functioning under governmental capacity to retain any semblance of privileged immunity.

## RELIEF REQUESTED

*Wherefore*, Plaintiff requests judgment against all named Defendants as follows:

59. That upon the findings in favor of Plaintiff all Defendant persons pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several predicate acts in excess of Plaintiffs inalienable and unalienable rights, according to the best available proof, this shall include $1,350,000.00 From each defendant and defendant corporation for the infringement upon Plaintiffs substantive rights.

60. That upon the findings in favor of Plaintiff all Defendant corporations and Defendant Persons pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants unlawful detainment kidnapping in excess of *Gerstein v Pugh* at a rate of $65,000.00 per hour as held acceptable pursuant to *Trezevant v Tampa*.

61. That Defendant Corporation and all employees of said corporation be subjected to additional training selected by Plaintiff in regard to constitutional limitation and the rights of the People to whish Defendants serves.

62. That upon the findings in favor of Plaintiff Defendant White be terminated and barred from any future office within "law enforcement" within any municipal corporation within the United States.

63. That upon the findings in favor of Plaintiff Defendants pay to Plaintiff his costs of the lawsuit incurred herein including, but not limited to, all necessary research, all nonjudicial enforcement and all reasonable counsel's fees, at a minimum of $250.00 per hour worked (Plaintiff's standard professional rate at start of this action).

64. That the court make an order that shall Defendant not cure the judgment debt within thirty (30) days from the date of judgment, the amount shall double (2x).

65. That this court make an order that shall Defendant retaliate in any way, the judgment debt be multiplied by five (5x) the original judgment debt.

66. That this shall be payable to Plaintiff in constitutional or lawful money redeemable in gold or silver coin pursuant to Art. 1 Sec. 10 of the Constitution for the United States of America.

67. For such other and further relief as this Court deems equitable and proper.

68. Defendant herein is sued in Defendants' individual capacity and not as agents of the State of Arkansas or The United States.

69. This is an action for trespass on substantive rights and not under the torts claims Act or the Civil Rights Act.

70. The United States or the State of Illinois cannot be substituted as a party defendant and the consent of the United States or the State of Arkansas to be sued is not demanded.

71. Defendant personas shall not have access to a publicly funded attorney as Defendants have been stripped of their representative character and are herein sued in their individual capacity *Scheuer v Rhodes* 416 U.S. 236 (1974).

72. If necessary; Plaintiff demands for all issues to be decided by the Jury Demanded;

73. If Defendants move to dismiss this action, Plaintiff demands that it be heard by the jury demanded, and only be dismissed if the Jury considers it lacks merit.


## VERIFICATION

I, Aron Wayne Flanagan, *Sui Juris*, Plaintiff in the above entitled action, hereby verify under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that the above statement of facts and laws is true and correct, according to the best of my current information, knowledge, and belief, so help me God, pursuant to 28 U.S.C. 1746(1). See the Supremacy Clause in the Constitution for the United States of America, as lawfully amended (hereinafter "U.S. Constitution").

12/03/2020

Aron Wayne Flanagan
One of the People of Illinois-Plaintiff
204 N. Beech St.
Centralia IL 62801

U.S. POSTAGE PAID
CENTRALIA, IL
62801
JAN 04 '20
AMOUNT
$8.00
R2300S1101439-42

1099          62201

CERTIFIED MAIL

7019 2970 0000 4461 9201

US POSTAGE

FROM:

Aron Flanagan
304 N. Beech St.
Centralia, IL.
62801



TO:

Southern District of Illinois
United States District Court
750 Missouri Ave
E. St. louis
IL. 62201

Ready Post.

Utility Mailer
10 1/2" x 16"

PULL TAB TO OPEN

Utility Mailer



MADE IN THE U.S.A.
A product of the United States Postal Service ®
www.usps.com
Product Code 93300007 - March 2019
AIC-093

RECEIVED

DEC - 8 2020

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

93300007
Utility Mailer
10" x 14" (usable inside dimension)

♻ Please Recycle

Visit USPS.com® for Shipping Supplies & Services



UNITED STATES
POSTAL SERVICE ®