IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARON WAYNE FLANAGAN,<br><br>      Plaintiff,<br><br>v.<br><br>WILLAM WHITE, a/k/a BILLY, GREG DODSON, and CITY OF CENTRALIA, a corporation,<br><br>      Defendants. | Case No. 20-CV-01318-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    This matter is before the Court on Plaintiff Aron Wayne Flanagan's Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 3). On December 20, 2020, Flanagan filed a civil rights action under 42 U.S.C. § 1983, alleging Defendants violated, among others, his First and Fourth Amendment rights. He also sought to proceed without prepayment of required filing fees (Doc. 3).

    The Complaint alleges that on March 7, 2020, at some unspecified time in the City of Centralia, Illinois, both Flanagan and his daughter came upon a man lying in a public roadway (Doc. 2). Flanagan's daughter called police and, some later time, Defendant William White from the Centralia Police Department appeared on scene (*Id.*). Officer White requested Flanagan's identification and Flanagan refused (*Id.*). White "rais[ed] his voice and us[ed] derogatory language," and seized Flanagan. White searched Flanagan; found his ID; and subsequently shackled and placed Flanagan in the squad car (*Id.*). Shortly thereafter, White drove Flanagan to the police station

where he was ultimately released (*Id.*). While Defendant Chief of Police Greg Dodson disciplined White, Dodson maintained that the arrest was lawful (*Id.*).

As a preliminary matter, under 28 U.S.C. § 1915(a)(1), a federal court may permit an indigent party to commence a civil action without prepayment of fees if he files an affidavit stating all his assets and demonstrates an inability to pay the fees. 28 U.S.C. § 1915(a)(1). An affidavit demonstrating that his poverty prevents him from providing for himself the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).

The Court has considered Flanagan's affidavit (Doc. 3) and finds he is indigent. Flanagan's sworn affidavit affirms that he holds no assets apart from $7.52 in a checking account. His request to proceed IFP is **GRANTED**.

## LEGAL STANDARD

The Court's inquiry does not end there, however, because § 1915(e)(2) requires the Court to scrutinize the IFP plaintiff's complaint. The Court must dismiss any complaint if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The complaint is legally frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Examples of frivolous claims include "claims against which it is clear that the defendants are immune from suit and claims of infringement of a legal interest which clearly does not exist." *Id.* at 327 (citations omitted).

The standards for deciding whether to dismiss a case for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under the Federal Rule of Civil Procedure 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). Specifically, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *Pro se* complaints have the additional benefit of being construed liberally and held to a less stringent standard than lawyer-drafted pleadings. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

## DISCUSSION

### I. Individual and Official Capacity

When filing a § 1983 action, the plaintiff should specify whether suit is brought against the defendants in their official or individual capacities. *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991). To establish personal liability in individual-capacity section 1983 suits it is sufficient to show the official acted under color of state law thereby causing deprivation of federal right. *Id*. That showing is insufficient to prove liability under an official-capacity suit, "where the action alleged to be under color must be linked with the entity's policy or custom." *Hill*, 924 F.2d at 1372.

The Complaint is ambiguous on this point. In the same paragraph, Flanagan asserts the Defendants committed constitutional violations "[p]ursuant to the pattern of practice . . . wherein the defendants and their respective agencies consistently acted

in excess of law, statute, and due process" and that "Defendants were in propriety and not function under governmental capacity to retain any semblance of privileged immunity" (*Id.*).

An official policy may be proved by: (1) an express policy causing constitutional injury when enforced; (2) a widespread practice so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. *Estate of Sims ex rel. Sims v. Cty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). If this action is an official-capacity suit, it is inadequately pled. First, Flanagan has neither alleged any express policy nor a permanent and widespread practice amounting to custom. Second, there is no allegation that the defendants possessed policymaking authority. Because Flanagan did not allege a policy or custom causing his constitutional injury, *see Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694-95 (1978), the action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted with respect to Defendant City of Centralia.

To properly plead an individual-capacity suit, the plaintiff must allege the defendant was "personally responsible for the deprivation of a constitutional right" because "he directed the conduct causing the constitutional violation, or it occurred with his knowledge or consent." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651-52 (7th Cir. 2001)). While *respondeat superior* liability is not recognized under section 1983, a person can be held personally responsible if he was aware of the conduct causing the constitutional injury

and he "facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Jones v. City of Chi.*, 856 F.2d 985, 992 (7th Cir. 1988)). Because the Complaint lacks allegations that Dodson knew of or directed White's challenged conduct, this action is **DISMISSED without prejudice** for failure to state a claim with respect to Dodson.

Because the Complaint states facts alleging White was personally responsible for Flanagan's constitutional injuries, the Court understands this action as an individual-capacity suit against White. The claims against White are addressed below.

## II. Claim 1: First Amendment Retaliatory Arrest

The First Amendment generally prohibits government officials from retaliating against persons for engaging in protected speech. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (citing *Hartman v. Moore*, 547 U.S. 250, 256 (2006)). "If an official takes adverse action against someone based on that forbidden motive, and 'non-retaliatory grounds are in fact insufficient to provoke the adverse consequences,' the injured person may generally seek relief by bringing a First Amendment claim." *Id.* (citing *Crawford-El v. Britton*, 523 U.S. 574, 593 (1998)). To plead a First Amendment retaliatory arrest claim, the complaint must allege that the plaintiff: (1) engaged activity protected by the First Amendment; (2) suffered a deprivation that would likely deter First Amendment activity; and (3) the First Amendment activity was at least a motivating factor in the police officer's decision. *Thayer v. Chiczewski*, 705 F.3d 237, 251 (7th Cir. 2012).

While Flanagan does not specifically identify his First Amendment conduct, a fair reading of the Complaint indicates this claim revolves around his request for White's name and badge number. As noted above, a retaliatory arrest claim requires the unlawful retaliation happen on account of the protected speech. Because Flanagan grounds this claim in conduct occurring after his arrest, it could not be a motivating factor for his arrest. For this reason, his First Amendment retaliatory arrest claim is **DISMISSED without prejudice** for failure to state a claim.

### III. Claim 2: Fourth Amendment False Arrest

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures." U.S. CONST. amend. IV. This guarantee has been incorporated under the Fourteenth Amendment and made applicable to the states. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961). While there are different kinds of Fourth Amendment seizures, a fair reading of the Complaint suggests that Flanagan asserts that he was unlawfully arrested. The Court will consider his Fourth Amendment claim only as it concerns his arrest and not the initial encounter. To make out a Fourth Amendment false arrest claim, the plaintiff must plead that he was arrested without probable cause. *See, e.g., Hurt v. Wise*, 880 F.3d 831, 841 (7th Cir. 2018).

#### A. Arrest

The Court finds that Flanagan adequately pled that the arrest implicated his Fourth Amendment rights. An arrest is a seizure under the Fourth Amendment, *Lopez v. City of Chi.*, 464 F.3d 711, 718 (7th Cir. 2006), which occurs "when a reasonable

person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest." *Tebbens v. Mushol*, 692 F.3d 807, 816 (7th Cir. 2012) (quoting *Ochana v. Flores*, 347 F.3d 266, 270 (7th Cir. 2003)). While courts have considered select instances where handcuffing and placing a suspect in squad car avoids Fourth Amendment scrutiny, *see, e.g., United States v. Glenna*, 878 F.2d 967, 968-69 (7th Cir. 1989) (recognizing limited, fact-specific circumstances where handcuffing does not turn a *Terry* stop into a custodial arrest), those circumstances are not implicated upon the face of the Complaint. The allegations give the Court no reason to consider this situation exceptional.

### B. Probable Cause

A complaint properly pleading false arrest must include facts negating the existence of probable cause. *Neita v. City of Chi.*, 830 F.3d 494, 497 (7th Cir. 2016). "An officer has probable cause to arrest if 'at the time of arrest, the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Id*. (quoting *Thayer*, 705 F.3d at 246). Flanagan pleads that his daughter called the police after they both came upon the man lying in the roadway and that Flanagan was assisting a person whom he believed was in need when some later time, White arrived (Doc. 2). He asserts he neither committed nor was committing any criminal offense by the time White requested his identification (*Id*.). Under Illinois law, Flanagan's refusal to self-identify

upon White's request is not *per se* illegal.[1] While Flanagan's refusal to identify would provide probable cause for a lawful arrest if White had reasonably suspected that Flanagan had committed a crime at the time the demand for identification was made, *Jones v. Clark*, 630 F.3d 677, 684 (7th Cir. 2011), the facts alleged do not support the inference that White had reasonable suspicion to lawfully demand Flanagan's identification. The facts alleged only indicate that Flanagan was engaged in actions for the benefit of stranger in need. (Doc. 2). Since the allegations do not indicate White was aware of any facts warranting a reasonable belief that Flanagan engaged in criminality and with due regard for the leniency afforded to *pro se* plaintiffs, the Court concludes Flanagan sufficiently pled that no probable cause existed to support the arrest.

### C. Qualified Immunity

Even if a claim is properly pled, it may still be dismissed if the defendant is immune from damages. 28 U.S.C. § 1915(e)(2)(B)(iii).

Qualified immunity often bars suits brought against law enforcement for violation of Constitutional rights. Qualified immunity warrants dismissal at the pleading stage only when the plaintiff's well-pleaded allegations, "taken as true, do not 'state a violation of clearly established law.'" *Hanson v. LeVan*, 967 F.3d 584, 590 (7th Cir. 2020) (citing *Behrens v. Pelletier*, 516 U.S. 299, 306 (1996)). To overcome qualified immunity, Flanagan's Complaint must contain facts indicating White violated his

---

[1] 725 ILCS 5/107-14 provides: "A peace officer . . . may stop any person in a public place for a reasonable period of time when the officer reasonably infers from the circumstances that the person is committing, is about to commit or has committed an offense. . ." and may demand the "name and address" of the person demanded.

constitutional rights and the right violated was clearly established at the time of the violation. *Hanson*, 967 F.3d at 590. Because Flanagan sufficiently pleads his false arrest claim, the Court must determine whether the right to be free from false arrest was "clearly established" at the time it occurred.

Since the right to be free from false arrest was clearly established at the time of the events alleged, qualified immunity does not bar this claim. *Fox v. Hayes*, 600 F.3d 819, 832 (7th Cir. 2010) (citing *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)). Accordingly, Flanagan's false arrest claim escapes dismissal under section 1915(e)(2)(B)(iii).

### IV. Claim 3: State-law Aggravated Kidnapping

In order to commit the crime of aggravated kidnapping, the perpetrator must "[commit] a kidnapping" under certain attendant circumstances. 720 ILCS § 5/10-2.

Aside from failing to allege facts satisfying the elements[2], the offense of aggravated kidnapping is criminal, not civil. Flanagan is a private person litigating civil rights claims. Private citizens cannot compel enforcement of criminal law. *See generally Diamond v. Charles*, 476 U.S. 54, 64-65 (1986). Flanagan has not cited any provision of Illinois law authorizing a private right of action over this criminal offense and the Court is unwilling to imply one. *See, e.g., Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (private rights of action begin and end with the statutory text). Flanagan's state-law aggravated kidnapping claim is hereby **DISMISSED with prejudice** for frivolity.

---

[2] No facts alleged suggest White intended to "secretly confine" Flanagan. 720 ILCS § 5/10-2.

### V. Claim 4: False Imprisonment, Due Process, and Presumption of Innocence Violations

The sole constitutional infraction alleged in claim four is that White violated Flanagan's right to a prompt probable cause determination to test the validity of his warrantless arrest. "Warrantless arrests are permitted but persons arrested without a warrant must promptly be brought before a neutral magistrate for a judicial determination of probable cause." *Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 53 (1991) (citing *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975)). While a determination within forty-eight hours is presumptively reasonable, *see Chortek v. City of Milwaukee*, 356 F.3d 740, 746 (7th Cir. 2004) (citing *McLaughlin*, 500 U.S. at 56), a determination within forty-eight hours of arrest may be unlawful if there was "unreasonable delay." *McLaughlin*, 500 U.S. at 56. Examples of unreasonable delay include "delays for purpose of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake." *Id*. The Court acknowledges a "substantial degree of flexibility" for law enforcement is proper since "unavoidable delays in transporting arrested persons from one facility to another, handling late-night bookings where no magistrate is readily available, obtaining the presence of an arresting officer who may be busy processing other suspects or securing the premises of an arrest, or other practical realities" are likely to occur *Id*. at 56-57.

The Complaint lacks factual assertions illuminating the existence of a delay or an opportunity for a more expedient probable cause determination. Because Flanagan has not pled facts presenting a plausible claim, this claim is **DISMISSED without prejudice** for failure to state a claim.

**VI. Claim 5: State-Law Assault and Battery**

Flanagan claims that he suffered "a series of assaults and batteries" upon his person "including arrest, shackling, imprisonment, and physical search" in violation of 720 ILCS § 5/12-3.

Like the aggravated kidnapping claim, the offense cited is a criminal one. Because Flanagan has no legal interest in enforcing the criminal law, *see, e.g., Diamond*, 476 U.S. at 64, and has failed to plead a private right of action over this offense, this claim is **DISMISSED with prejudice** for frivolity.

**VII. Claim 6: Fraud[3]**

Flanagan simply asserts that "the Public Servant is a fiduciary to the public and concealing information is a fraud" (Doc. 2). In support of this assertion, he cites *McNally v. United States*, 483 U.S. 350 (1987). That case dealt exclusively with interpreting a term in the federal mail fraud statute. *McNally*, 483 U.S. at 358-59. Flanagan has neither alleged a cause of action nor facts in support thereof and so this claim is **DISMISSED with prejudice** for frivolity.

**VIII. Claim 7: Fraud**

Flanagan's second fraud claim alleges that the body camera footage he received was edited or falsified "to suppress true facts in evidence" in violation of 18 U.S.C. § 2071.

---

[3] The Complaint accidentally lists the state-law battery and assault claim and the first fraud claim as "claim 5"; for purposes of this order, "claim 6" will refer to the first fraud claim listed in the Complaint. The second fraud claim will be referred to as "claim 7" and the "misuse of public office" claim will be referred to here as "claim 8."

First, the Complaint fails to allege facts required for a violation of 18 U.S.C. § 2071. The Complaint does not state that the body camera footage was "filed or deposited with any clerk or officer of any court of the United States, or in any public office or with any judicial or public officer of the United States." 18 U.S.C. § 2071.

Second, assuming the footage was deposited properly, Flanagan has not alleged he holds either an express or implied right of action to enforce this federal crime. As a private citizen, he has no legally cognizable interest in enforcing the criminal statute. *See Linda R.S.*, 410 U.S. at 619. Absent statutory right to sue, this Court will not imply one. *See Alexander*, 532 U.S. at 286 ("Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress"). This claim is **DISMISSED with prejudice** for frivolity.

### IX. Claim 8: Retaliation: Misuse of Public Office

In his final claim, Flanagan asserts that White retaliated against him for manifesting his intention to file a complaint and that White's actions of arresting, detaining, and kidnapping Flanagan were an "egregious abuse of position and authority" (Doc. 2). This claim does not articulate any specific violation of federal law or Constitutional right or facts in support thereof. This claim is **DISMISSED with prejudice** for frivolity.

### CONCLUSION

For the reasons set forth above, Defendants City of Centralia and Greg Dodson are **DISMISSED** from the Complaint **without prejudice**. Claims 1 and 4 are **DISMISSED without prejudice** for failure to state a claim and the Court **GRANTS**

Plaintiff Aron Wayne Flanagan leave to replead by filing an amended complaint within 14 days if he can sufficiently allege that he meets the elements of those claims. If Flanagan does not file an amended complaint, the suit shall only proceed against Defendant William White as to Fourth Amendment False Arrest in Claim 2 based on the current Operative Complaint (Doc. 2). Claims 3, 5, 6, 7, and 8 are **DISMISSED with prejudice** for frivolity.

**IT IS SO ORDERED.**

**DATED:  March 5, 2021**

<u>s/ *Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**