## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARON WAYNE FLANAGAN, | ) |
| Plaintiff, | ) |
| | ) Case No. 20-CV-1318-SPM |
| v. | ) |
| | ) |
| WILLIAM (BILLY) WHITE, et al., | ) |
| Defendants. | ) |

### DEFENDANT'S COMBINED MOTION TO DISMISS AND STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6) AND RULE 12(f)(2)

NOW COMES Defendant, WILLIAM WHITE (hereinafter "Defendant"), by and through his attorney, Brian M. Funk, and for his Combined Motion to Dismiss and Strike Plaintiff's Complaint Pursuant to Rule 12(b)(6) and Rule 12(f)(2), Defendant states as follows:

### BACKGROUND

1. On December 10, 2020, Plaintiff filed an "Action of Trespass" against Defendant, wherein he claims various violations of his constitutional rights. *Doc*. 2.

2. Specifically, Plaintiff purports to bring claims for: 1) Acts in excess of amendment I: Retaliation for assertion of Amendment I, Suppression of rights under the colour of authority Conclusion with law (Count I); 2) Acts in excess of amendment IV, False Imprisonment Conclusion with law (Count II); 3) Acts in Excess of Amendment IV, Kidnapping, Conclusion with law (Count III); 4) Acts in excess of amendments IV & V, False Imprisonment; Presumption of guilt Conclusion with Law (Count IV); 5) Acts in excess of amendment IV, Assault and Battery Conclusion with law (Count V); 6) Fraud (Count VI); 7) Fraud and Molestation of public record, suppression and tampering of evidence (Count VII); and 8) Retaliation: Misuse of public office (Count VIII).

3. Defendant now moves to dismiss and/or strike Plaintiff's Complaint in its entirety for the reasons set forth *infra*.

**STANDARD FOR MOTION**

4. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A complaint stating only bare legal conclusions is not enough to survive a motion to dismiss even under notice pleading standards. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The complaint must contain enough factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 570. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). The complaint must raise the plaintiff's right to relief above the speculative level, and a claim has facial plausibility when the factual content allows the court to draw a reasonable inference of liability on the part of the defendants. *Bissessur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009). Defendants should not be forced to undergo costly discovery unless the complaint contains sufficient detail to indicate that the plaintiff has a substantial case. *Id.* at 603. In sum, *Twombly* and *Iqbal* establish two new principles of pleading in all cases: (1) fair notice alone will not suffice; a complaint must be "plausible" as well; and (2) a court may not accept "conclusory" allegations as true. *Brooks v. Ross*, 578 F.3d 574, 580-581 (7th Cir. 2009). Plausibility is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

5. Pursuant to Rule 12, the Court "may strike from a pleading any redundant immaterial, impertinent, or scandalous matter. Fed R. Civ. P. 12(f). A court has significant discretion in

ruling on a motion to strike. *Delta Consulting Group, Inc. v. R. Randle Construction, Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009).

## ARGUMENT

**I. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6) BECAUSE IT FAILS TO STATE ANY CAUSE OF ACTION.**

6. Plaintiff's allegations — which are conclusory in nature and made up primarily of citations to case law — are confusing, ambiguous and unintelligible and they do not state any plausible cause of action.

7. The only fact that is clearly alleged in the Complaint, is that Plaintiff was arrested despite believing he had committed no crime. *Doc*. 2, ¶¶ 20, 23. This allegation, however, is not sufficient to support any of Plaintiff's purported claims.

8. Moreover, Defendant should not be forced to piece together a claim from allegations strewn throughout the complaint in an effort to recognize a claim that he will ultimately have to defend.

9. Therefore, Plaintiff's Complaint should be dismissed in its entirety.

**II. PLAINTIFF'S CLAIMS SHOULD BE STRICKEN PURSUANT TO RULE 12(f) BECAUSE THEY ARE NOT PROPERLY PLEADED.**

10. Pursuant to Rule 8, a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a)(2).

11. Plaintiff's claims should be stricken because none are stated in a short and plain statement. Instead, Plaintiff's claims are stated in long-winded, unclear paragraphs made up of citations to case law and vague legalese.

12. Therefore, the allegations and claims in Plaintiff's Complaint should be stricken.

**CONCLUSION**

13. For the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety and/or the allegations and claims set forth therein should be stricken.

WHEREFORE, Defendant, WILLIAM WHITE, prays that this Honorable Court grant his Combined Motion to Dismiss and Strike Plaintiff's Complaint and for such further relief as this Honorable Court deems just and proper.

**WILLIAM WHITE**

By: *s/Brian M. Funk*
Brian M. Funk, #6277501
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, IL 60062
Phone: 847/291-0200
Fax: 847/291-9230
Email: bfunk@okgc.com

Westfield Professional Building
807 W. Highway 50, Suite 1
O'Fallon, Illinois 62269
Phone: 618-589-0847

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARON WAYNE FLANAGAN, | ) |
| Plaintiff, | ) |
| | ) Case No. 20-CV-1318-SPM |
| v. | ) |
| | ) |
| WILLIAM (BILLY) WHITE, et al., | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2021, I electronically filed *Defendant's Combined Motion to Dismiss and Strike Plaintiff's Complaint Pursuant to Rule 12(b)(6) and Rule 12(f)(2)* with the Clerk of the Court using the CM/ECF system, and I will send notification of such filing to the following non-registered CM/ECF participant:

> Aron Wayne Flanagan
> 204 N. Beech Street
> Centralia, IL 62801

via U.S. Mail by depositing same in a sealed envelope, proper postage prepaid and affixed thereon and placing same in the U.S. Mail receptacle located at 650 Dundee Road, Northbrook, IL, at or before the hour of 5:00 p.m. on June 18, 2021.

By: *s/Brian M. Funk*
Brian M. Funk, #6277501
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, IL 60062
Phone: 847/291-0200
Fax: 847/291-9230
Email: bfunk@okgc.com